**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KEITH RUSSELL JUDD,<br><br>                Plaintiff,<br><br>vs.<br><br>SECRETARY OF STATE OF NEVADA, et al.,<br><br><br>                Defendants. | Case No. 2:11-cv-00853-JCM-PAL<br><br>**ORDER AND REPORT OF FINDINGS<br>AND RECOMMENDATION**<br><br>(Mtn to Waive Fees- Dkt. #1)<br>(Mtn to Waive Fees - Dkt. #4)<br>(Mtn to Reopen - Dkt. #5)<br>(Mtn to Waive Fees - Dkt. #7) |

      Plaintiff Keith Russell Judd is a federal prisoner incarcerated in Texarkana, Texas, and is proceeding *pro se*. Plaintiff filed an Application for Waiver of Filing Fees and Costs (Dkt. #1) and submitted a Complaint for Declaratory Judgment and Preliminary Judgment against the Secretary of State of Nevada and the State of Nevada. Plaintiff's Complaint seeks injunctive relief requiring the State of Nevada to place him on the presidential primary ballot for 2012 as a Democratic candidate and a declaratory judgment that Nevada's election laws are unconstitutional because they do not allow convicted felons to vote. Additionally, Plaintiff has also filed a Motion to Waive Fees Under the Twenty-Fourth Amendment (Dkt. #4), a Motion to Reopen and Stay Proceedings Pending Decision by Judicial Panel on Multidistrict Litigation No. 2276 to Transfer Consolidated-Coordinated Proceedings (Dkt. #5), and a Motion to Waive Fees and Costs on Appeal Under the Twenty-Fourth Amendment in Voting Rights Action (Dkt. #7). The court has considered Plaintiff's various filings.

      Plaintiff did not pay the filing fee when he submitted his Complaint or file an Application to Proceed *In Forma Pauperis*. Instead, he filed an Application for Waiver of Filing Fees (Dkt. #1) and Motion for Total Waiver of Filing Fees Under the Twenty-Fourth Amendment (Dkt. #4). The Application and Motion claim that the type of voting rights action Plaintiff is attempting to state is

exempt from the Prison Litigation Reform Act because it has nothing to do with prison conditions, and the Twenty-Fourth Amendment applies because it prohibits the United States from depriving citizens of the right to vote in federal election for failing to pay any poll tax or other tax. The Twenty-Fourth Amendment provides:

> Section 1.   The right of citizens of the United States to vote in any primary or other election for President or Vice President, for electors for President or Vice President, or for Senator or Representative in Congress, shall not be denied or abridged by the United States or any State by reason of failure to pay any poll tax or other tax.
>
> Section 2.   The Congress shall have the power to enforce this article by appropriate legislation.

U.S. Const., amend. XXIV.

The Twenty-Fourth Amendment simply states that the federal and state governments cannot impose a tax to vote. Plaintiff has cited no authority for the proposition that district court civil filing fees, due pursuant to 28 U.S.C. § 1914(a), are a poll or other tax under the Twenty-Fourth Amendment or infringe upon his right to vote in a federal election for President, Vice President, Senator, Representative, or elector for President or Vice President. Accordingly, Plaintiff's Application for Waiver of Filing Fees and Costs (Dkt. #1) and Motion for Total Waiver of Filing Fees Under the Twenty-Fourth Amendment (Dkt. #4) will be denied.

In order to proceed in this litigation without paying a filing fee, Plaintiff must request leave to proceed *in forma pauperis*. However, Plaintiff has been barred from proceeding *in forma pauperis*. The Prison Litigation Reform Act contains a three strikes provision, which provides that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Ninth Circuit has repeatedly held that section 1915(g) is constitutional because "deterring frivolous lawsuits is rationally related to a legitimate government interest." *O'Neal v. Price,* 531 F.3d 1146, 1153-54 (9th Cir. 2008); *Andrews v. King,* 398 F.3d 1113, 1116 at n.1 (9th Cir. 2005). Plaintiff's Complaint does not allege that he is in imminent danger of serious physical injury.

Plaintiff has had more than three civil actions dismissed as frivolous and has been barred from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). *See Judd v. Univ. Of New Mexico,* 1997 WL 811632 (5th Cir. Dec. 9, 1997) (appeal dismissed as frivolous); *Judd v. United States District Court,* 1999 WL 274608 (5th Cir. Apr. 16, 1999) (appeal dismissed as frivolous); *Judd v. United States District Court,* 1999 WL 274610 (5th Cir. Apr. 16, 1999) (appeal dismissed as frivolous); *United States v. Judd,* No. 08-50213 (5th Cir. Oct. 7, 2009) (sanctioned $500 and barred from further filings); *Judd v. United States,* No. 7:00-cv-188 (W.D. Va. Mar. 9, 2000) (dismissed as frivolous); *Judd v. United States Court of Appeals for the Fifth Circuit,* 1:08-cv-170 (E.D. Tex. Apr. 4, 2008) (dismissed under 28 U.S.C. § 1915).

Plaintiff is a frequent filer who has filed at least 937 cases in the federal courts since 1997. *See* PACER Case Locator, http://pcl.uscourts.gov.[1] He has been sanctioned and enjoined from filing suits in many of these courts. *See, e.g., In re Judd,* 240 Fed. Appx 981, 982 (3d Cir. 2007); *Judd v. Fox,* 289 Fed. Appx. 795, 795-96 (5th Cir. 2008); *Judd v. Univ. of New Mexico*, 204 F.3d 1041 (10th Cir. 2000) (summarizing Plaintiff's history of abusive filings in the federal courts and imposing filing restrictions). In fact, as a result of Plaintiff's abusive litigation practices, he has been barred from filing any non-criminal *pro se* matters before the United States Supreme Court. *Judd v. U.S. Dist. Ct. W.D. Tex.,* 528 U.S. 5, 5-6 (1999).

Additionally, Plaintiff has filed numerous identical complaints in federal district courts across the country. The only apparent differences are that each names the particular state, state officials, and election officials for the state in which the action is filed. *See, e.g., Judd v. Wyoming Sec'y of State,* No. 11-cv-00202 (D. Wyo. June 6, 2011) (dismissed as frivolous); *Judd v. Washington Sec'y of State*, No. 11-cv-00214 (E.D. Wa. 2011) (pending); *Judd v. Virginia Sec'y of State*, No. 11-cv-00618 (E.D. Va. 2011) (pending); *Judd v. Tennessee Sec'y of State*, No. 11-cv-00244 (E.D. Tenn. June 3, 2011)

---

[1]The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Counsel v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). A court may also take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001).

(dismissed pursuant to 28 U.S.C. § 1915(g); *Judd v. Oklahoma Sec'y of State,* No. 11-cv-00183 (E.D. Okla. 2011) (pending); *Judd v. Oklahoma Sec'y of State*, No. 11-cv-00624 (W.D. Okla. 2011) (pending); *Judd v. State Election Bd. of New York,* No. 11-cv-00571 (N.D.N.Y. 2011) (pending); *Judd v. Maine Sec'y of State*, No. 11-cv-00212 (D. Me. 2011) (pending); *Judd v. New Hampshire Sec'y of State,* No. 11-cv-00183 (D.N.H. 2011) (pending); *Judd v. Montana Sec'y of State*, No. 11-cv-00080 (D. Mont. May 27, 2011) (dismissing pursuant to 28 U.S.C. § 1915(g); *Judd v. Sec'y of the Commonwealth of Massachusetts*, No. 11-mc-009407 (D. Mass June 1, 2011) (dismissed as frivolous); *Judd v. Office of Elections of Hawaii*, No. 11-cv-00365 (D. Hi. June 13, 2011) (dismissed as baseless, frivolous, and malicious).

The court concludes that this case is frivolous because it lacks an arguable basis in law and fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A finding of frivolousness is warranted where the facts alleged are "clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *see also Ashcroft v. Iqbal*, – U.S. –, 129 S. Ct. 1937, 1959 (2009).  A court must not dismiss a complaint simply because the set of facts presented by the plaintiff appears to be unlikely; however, a complaint must allege facts "to state a claim that is plausible on its face." *Bell Atl. Com. v. Twombly*, 550 U.S. 544, 570 (2007).  Because Plaintiff's Complaint does not set forth a plausible claim, it is recommended that is be dismissed with prejudice.  Because allegations of other facts would not cure it, Plaintiff is not entitled to an opportunity to amend the Complaint.

With respect to Plaintiff's Motion to Reopen and Stay Proceedings Pending Decision by Judicial Panel on Multidistrict Litigation No. 2276 to Transfer for Consolidated-Coordinated Proceedings (Dkt. #5), Plaintiff states that on June 22, 2011, the Judicial Panel on Multidistrict Litigation set a briefing schedule in Plaintiff's various cases, including the issues of waiver of fees and filing fees under the Twenty-Fourth Amendment and the constitutionality of the Prisoner Litigation Reform Act and its applicability on voting rights actions.  On October 7, 2011, the Judicial Panel entered an Order denying transfer of this case and others, noting any common issues of act are "neither sufficiently numerous nor complex enough to warrant centralization [because] . . . the overriding question in each action is one that is largely legal in nature, making these actions unsuitable for centralization."  *See* Order Denying Transfer, Dkt. #6.  Because the Judicial Panel has denied transfer, Plaintiff's Motion to Reopen and

Stay Proceedings Pending Decision by Judicial Panel on Multidistrict Litigation No. 2276 to Transfer for Consolidated-Coordinated Proceedings (Dkt. #5) is denied as moot.

Lastly, Plaintiff has filed an Application for Waiver of Filing Fees and Costs on Appeal Under the Twenty-Fourth Amendment in Voting Rights Action (Dkt. #7) in which he requests the court waive any filing fee associated with an appeal under the Twenty-Fourth Amendment. However, Plaintiff has not filed a Notice of Appeal in this action, and no Order has entered from which Plaintiff could take an appeal. Therefore, this motion is denied.

For the foregoing reasons,

**IT IS ORDERED:**

1. The Clerk of Court shall file Plaintiff's Complaint.
2. Motion to Waive Fees and Costs on Appeal Under the Twenty-Fourth Amendment in Voting Rights Action (Dkt. #7) is DENIED.
3. Plaintiff's Motion to Reopen and Stay Proceedings Pending Decision by Judicial Panel on Multidistrict Litigation No. 2276 to Transfer Consolidated-Coordinated Proceedings (Dkt. #5) is DENIED AS MOOT.

**IT IS RECOMMENDED:**

1. Plaintiff's Application for Waiver of Filing Fees and Costs (Dkt. #1) be DENIED WITH PREJUDICE.
2. Plaintiff's Motion to Waive Fees Under the Twenty-Fourth Amendment (Dkt. #4) be DENIED WITH PREJUDICE.
3. Plaintiff's Complaint be DISMISSED WITH PREJUDICE WITHOUT LEAVE TO AMEND.

Dated this 4th day of November, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.